**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GRAMICCIONI, Acting Monmouth County Prosecutor, et al.,<br><br>Defendants. | Civil Action No. 15-5958 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Christopher Gramiccioni, Noah Heck, and Ramon Caccho's ("Defendants") motion to dismiss Plaintiff Rhonda Johnson's ("Plaintiff") Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Plaintiff opposed the motion (ECF No. 9), and Defendants replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motion to dismiss is granted.

I.  **Background**[1]

This is a civil rights action brought by Plaintiff against members of the Monmouth County Prosecutor's Office. (*See generally* Compl., ECF No. 1.) Defendant Christopher Gramiccioni ("Gramiccioni") is the Acting Monmouth County Prosecutor. (*Id.* ¶ 2.) Defendant Noah Heck

---

[1] The facts as alleged in the Complaint are taken as true for the purposes of deciding Defendants' Rule 12(b)(6) motion.

("Heck") is an Assistant Prosecutor for the County of Monmouth. (*Id.* ¶ 3.) Defendant Ramon Camacho ("Camacho") is a detective for the Monmouth County Prosecutor's Office. (*Id.* ¶ 4.)

On December 17, 2012, following the arrest of Plaintiff's son, Damier Johnson ("Johnson"), Camacho, as lead detective, orchestrated a plan to effectuate the arrest of Anna Flores.[2] (*Id.* ¶ 7.) On the instructions of Camacho, Johnson called Anna Flores and requested that she deliver a package containing a handgun to a convenience store. (*Id.* ¶ 8.) Johnson further told Anna Flores to contact Plaintiff for transportation and to tell Plaintiff that she needed a ride because her son was arrested at the police station. (*Id.*) Thereafter, Anna Flores called Plaintiff asking for a ride so she could bail Johnson out of jail. (*Id.* ¶ 9.) When Plaintiff arrived at Anna Flores's home, Anna Flores advised Plaintiff that she did not need the ride, gave Plaintiff the package with the instruction Johnson provided to her, and told Plaintiff not to open the package. (*Id.*)

While traveling to the convenience store, Plaintiff received a call from Johnson. (*Id.* ¶ 10.) Johnson, upon learning that Plaintiff, not Anna Flores, was delivering the package, instructed Plaintiff to drop the package off at a park. (*Id.*) Camacho told Johnson to give these instructions to Plaintiff. (*Id.* ¶ 12.) Plaintiff followed Johnson's instructions and disposed of the package in the park. (*Id.* ¶ 11.) Camacho then arranged to have the package containing the handgun retrieved from the park and, thereafter, swore to a complaint against Plaintiff. (*Id.* ¶ 12.) Plaintiff was subsequently arrested and jailed for "possessing, transferring or receiving a community gun that was transferred among, between or within an association of two or more persons who, while possessing that firearm, engaged in criminal activity or used it unlawfully against the person or property of another." (*Id.* ¶ 14.) Plaintiff was held at Monmouth County Correctional facility for

---

[2] The Complaint did not set forth the nature of the relationship between Johnson and Anna Flores.

four days before posting bail. (*Id.* ¶¶ 14-15.) In or around August 2013, Plaintiff learned that a Monmouth County grand jury returned a "no-bill" in her case. (*Id.* ¶ 16.)

In her Complaint, Plaintiff asserts two counts for violation of 42 U.S.C. § 1983 for the alleged false arrest and imprisonment of Plaintiff arising out of: (1) Defendants' manufacturing Plaintiff's offense for the sole purpose of pursuing the prosecution of Johnson; and (2) Camacho filing a complaint containing allegations he knew to be false. (*Id.* ¶¶ 17-22.) Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs.

## II.    Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts

3

alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. <u>Analysis</u>

Defendants move to dismiss the official capacity claims in Plaintiff's Complaint pursuant to Rule 12(b)(1) based on sovereign immunity. (Defs.' Moving Br. 6-10, ECF No. 6-1.) Defendants additionally move to dismiss the Complaint's official capacity claims because Defendants are not "persons" under § 1983. (*Id.* at 10-11.) In her opposition brief, Plaintiff clarifies that she is pleading a "personal capacity" suit against Defendants and is not bringing claims against them in their official capacities. (Pl.'s Opp'n Br. 3-5, ECF No. 9.) Therefore, to the extent Plaintiff's Complaint alleges claims against Defendants in their official capacities, those claims are dismissed and the Court will address Plaintiff's § 1983 claims brought against Defendants in their individual capacities only.

Next, Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff filed her § 1983 claims beyond the applicable two-year statute of limitations period.[3] (Defs.' Moving Br. 13-14.) The parties agree that New Jersey's two-year statute of limitations applies to § 1983 civil rights actions that arise from claims of false arrest and imprisonment. *See Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Instead, the parties dispute from what date the § 1983 claims began to accrue. Defendants argue that the claims began to accrue at the time of Plaintiff's arrest on December 17, 2012.[4] (Defs.' Moving Br. 14.) Plaintiff argues that

---

[3] Failure to comply with a statute of limitations is an affirmative defense; however, a defendant may assert the defense in support of a Rule 12(b)(6) motion to dismiss where it is apparent on the face of the complaint that the claims are time-barred. *See Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002); *Drennan v. PNC Bank*, 622 F.3d 275, 292 (3d Cir. 2010).

[4] Plaintiff maintains that she was not arrested on December 17, 2012, but surrendered herself in the early part of 2013. (Pl.'s Opp'n Br. 7.) This argument, however, does not alter Defendants'

4

her claims could not begin to accrue until the Monmouth County grand jury returned its "no bill" because, unlike the plaintiff in *Montgomery v. De Simone*, 158 F.3d 120 (3d Cir. 1998), Plaintiff was induced into believing that she was lawfully charged. (Pl.'s Opp'n Br. 6.)

"Federal law which governs the accrual of section 1983 claims establishes that the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 197 n.16 (3d Cir. 1984)). In *Montgomery*, the Third Circuit found that because a plaintiff can only recover damages for the time of detention under a false arrest or imprisonment claim, the plaintiff "reasonably knew of the injuries that form the basis of these section 1983 claims on the night of her arrest." *Montgomery*, 159 F.3d at 126. Additionally, the Third Circuit specifically rejected the *Montgomery* plaintiff's argument that her claims did not begin to accrue until after her criminal charges were resolved in her favor. *Id.* at 126 n.5. Although the Court has serious concerns regarding Defendants' alleged conduct in the investigation and arrest of Plaintiff, the Court, nevertheless, finds no reason to depart from the analysis in *Montgomery*. Plaintiff knew or had reason to know of her injury stemming from the alleged false arrest and imprisonment at the time she was detained in late 2012 or early 2013. Plaintiff chose not to file this action until August 3, 2015. Accordingly, Plaintiff's claims of false arrest and imprisonment are time-barred.[5]

---

argument because either date was still beyond the two-year statute of limitations from when this action was filed.

[5] The Court will not reach Defendants' additional arguments as Counts One and Two of Plaintiff's Complaint for § 1983 claims for false arrest and imprisonment are being dismissed with prejudice as time-barred.

5

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 5, 2016